**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-194-DLB**

**EDGAR BROWN, JR.**                                                                    **PLAINTIFF**

vs.                       **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                    **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Edgar Brown, Jr. filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 28, 2001. Plaintiff, who was 40 years old at the time of the hearing, has an eighth grade formal education. He alleges a disability onset date of February 28, 2001, due to low back pain, stiff neck, broken right ankle, broken left arm, arthritis, poor hearing, chest pains, enlarged heart, stomach pain, kidney problems, depression, anxiety, inability to be in crowds and around people, angers easily, inability to read or write, long and short term memory problems, muscle spasms, overweight, chronic fatigue, insomnia, and chronic headaches. (Tr. 55) His applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an

administrative law judge, which hearing was held on September 4, 2002, in Prestonsburg, Kentucky. The ALJ ruled that Plaintiff was not under a disability and was not eligible for DIB or SSI payments. This decision was approved by the Appeals Council on April 20, 2004. (Tr. 6)

The instant action was filed on May 6, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers

of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 17). At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments of degenerative disc disease, anxiety disorder, NOS, and borderline intellectual functioning. (Tr. 19) The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 19)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a significant range of work at the light exertion level, with only occasional stooping. (Tr. 21) However, he also found Plaintiff to have nonexertional moderate limitations in understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; interacting appropriately with the general public; or responding appropriately to changes in the work setting. (Tr. 21) Because Plaintiff's past work of security guard and night watchman were performed below the medium level of exertion, the ALJ found Plaintiff was able to perform this work even with his RFC. (*Id.*)

Despite this finding at Step 4 of the ALJ's analysis, he nevertheless proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are jobs existing in significant numbers in the national economy that Plaintiff could perform, including counter clerk, laundry worker, and inventory clerk. (Tr. 22) This conclusion

resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving a person of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 378-83)

**C.     Analysis**

Plaintiff raises one challenge in his appeal. He argues that the decision was not supported by substantial evidence because the ALJ erred in acting as his own medical expert. More specifically, Plaintiff takes issue with the fact that the medical opinions relied upon by the ALJ as to his physical and mental abilities were rendered prior to his involvement in an automobile accident of September 6, 2002, in which he sustained injuries.

Though Plaintiff complains the ALJ acted as his own medical expert, it is the ALJ who determines a claimant's RFC and ultimately whether he is disabled, not medical experts. In assessing RFC, the ALJ's role is to consider all of the relevant medical and other evidence in the case record. 20 C.F.R. §§ 404.1520, 416.920. *See also Clinker v. Apfel,* 229 F.3d 1151, 2000 WL 1234325, *1 (6th Cir.)(unpublished table decision)(rejecting argument that ALJ erred by "creating" his own RFC and noting the relevant question is "whether the ALJ's assessment was supported by substantial evidence").

A Physical Capacity Assessment was completed by Dr. David Swan on October 1, 2001, based upon the medical treatment records submitted at that time. (Tr. 197-204) That Assessment found Plaintiff's limitations resulting from degenerative disc disease to be occasional lifting of 20 pounds, frequent lifting of 10 pounds, stand/walk up to six hours of the workday, sitting for up to six hours of the workday, and only occasional stooping. The ALJ ultimately adopted these opinions as being consistent with the overall record evidence,

4

determining Plaintiff was restricted to work in the light capacity range, and limited to only occasional stooping. (Tr. 20-21)[1]

In adopting these physical limitations, the ALJ did not ignore the medical evidence which was submitted relating to the September 6, 2002, auto accident. The record establishes the ALJ did, in fact, consider all of the relevant medical evidence. Plaintiff submitted records from the University of Kentucky Medical Center documenting his initial hospital stay and course of treatment in September 2002 for the significant injuries sustained in the vehicular accident (tr. 235-94), as well as the follow-up clinic notes from May 1, 2003, when he had surgical hardware removed from his left foot (tr. 313-37). He also submitted records from progress visits with his attending physicians through mid-May, 2003. (Tr. 339-55) The decision reflects that this evidence was considered by the ALJ (tr. 19) who noted that over the course of the eight months of care and treatment documented, Plaintiff's recovery was progressing as could be expected for the serious injuries he sustained (tr. 21). He concluded that, while Plaintiff's injuries were serious, given his documented progress, there was nothing to indicate he would have a residual impairment beyond twelve months. (Tr. 21)

It is the Plaintiff who has the responsibility to bring forth evidence to prove his disability. *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986). The regulations explain this obligation as follows:

> (a) General. In general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that

---

[1] Plaintiff's RFC, as determined by the ALJ, also contained non-exertional limitations based upon the mental consultative exam and assessments. Plaintiff offered no evidence that the injuries he suffered in the automobile accident were anything other than physical injuries.

> we can use to reach conclusions about your medical impairment(s). If material to the determination whether you are blind or disabled, medical and other evidence must be furnished about the effects of your impairment(s) on your ability to work, or if you are a child, on your functioning, on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. §§ 404.1512, 416.912. As noted, Plaintiff did submit medical treatment records for his injuries from the accident. But given the timing of the accident, only months had passed between the date of accident and the ALJ's decision. In this regard,

> [i]f a disability application is adjudicated before the claimant's impairment has lasted twelve months, then the nature of the impairment, the therapeutic history, and the prescribed treatment will serve as the basis for determining prospectively whether the impairment will continue to prevent the individual from engaging in any substantial gainful activity or any gainful activity for the additional number of months needed to establish the required twelve-month duration.

*Harris v. Secretary of Health & Human Servs.,* 863 F.2d 48, 1988 WL 122960 (6th Cir.)(unpublished table decision). The ALJ did not err by "acting as his own medical expert" in determining whether these injuries satisfied the durational requirement, as this is the function of the ALJ. "The ALJ who hears a claim before the twelve-month period has expired must make a determination whether the claimant's impairment may be expected to last for the requisite time." *Id.* The Court therefore finds unpersuasive the Seventh Circuit case relied upon by Plaintiff, *Green v. Apfel,* 204 F.3d 780 (7th Cir. 2000).

It is Plaintiff who bears the burden of establishing that a condition or impairment can be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 416.909. Plaintiff failed in this burden. The medical records submitted do not establish an impairment exceeding twelve months' duration, nor did Plaintiff submit a medical report or other opinion evidence suggesting otherwise. Therefore, it was

reasonable and substantiated for the ALJ to conclude Plaintiff suffered no disability condition in the auto accident which would last twelve months or longer. *See Foster v. Secretary of Health & Human Servs.,* 899 F.2d 1221, 1990 WL 41835 (6th Cir.)(unpublished table decision)(affirming ALJ's finding, based on his review of the medical documentation, that claimant's heart condition had improved and would not last for the required twelve months).

As there is substantial evidence to support the ALJ's finding that Plaintiff's acute orthopaedic impairments from the September 2002 accident did not meet the durational requirement, his decision should be affirmed.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 28th day of September, 2005.



Signed By:
*David L. Bunning*  DB
United States District Judge